**STATE of Missouri, Respondent,**

v.

**Ray A. OLDHAM, Appellant.**

**No. 62625.**

Supreme Court of Missouri, En Banc.

July 14, 1981.

Gary Gardner, Kevin Locke, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

This appeal is from a jury conviction for child molestation for which appellant was sentenced to imprisonment for thirty

months. Jurisdiction is in this Court by reason of an order of transfer made by the Western District of the Court of Appeals under Rule 83.02.

At trial, appellant filed a Motion to Suppress certain oral and written statements allegedly made by him to a police officer after his arrest; and, he now contends that the overruling thereof was violative of his rights under the fifth and fourteenth amendments to the U. S. Constitution.

There is no dispute as to the facts surrounding the "challenged" interrogation and it is agreed that the record reflects that appellant was arrested and taken to the police station; that he had contacted his attorney by telephone and been advised to remain silent and sign nothing; that Detective Clarence E. Gibson sought to interrogate appellant but ceased such efforts after entering a written notation on a "police" form indicating the refusal to make a statement and request for an attorney; that appellant was returned to a detention area; that Detective Gibson advised his supervisor of appellant's status and was assigned to other duties; that some twenty-five minutes later, Detective Rebecca Rishel was advised by her supervisor to interrogate appellant; that she went to the detention area to find appellant and took him to an interviewing room; that the incriminating statements were thereafter made; and, that each officer had advised appellant of his *Miranda* [1] rights.[2]

The state and appellant are in substantial agreement as to the standards applicable to *Miranda* rights, but join issue as to whether or not a constitutionally acceptable "waiver" of assistance of counsel occurred in this case which may have affected appellant's privilege against self-incrimination. Arguments presented by the parties revolve around those cases reflecting efforts of this and other appellate courts to "scrupulously honor" the rights of an accused; [3] and, it is agreed that "... once a defendant has challenged the admissibility of a statement or confession made while in police custody, the burden is on the state to demonstrate its elicitation comported with controlling constitutional requirements...." *State v. Higgins*, 592 S.W.2d 151, 158 (Mo. banc 1979).

Resolution by this Court of the issue presented has been simplified by the guidance now found in the very recent case of *Edwards v. Arizona*, —— U.S. ——, 101

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. We do note the following questions and answers of certain witnesses, necessarily somewhat out of context, which we think persuasive and controlling on the issue.

*Detective Clarence E. Gibson*:
"Q. What did the defendant do?
"A. He stated that he had nothing to say. He was on a case for probation for a similar crime, that he had been in contact with his attorney, and did not wish to make a statement. I asked him if he had actually called an attorney or not. He said 'Yes', he had called an attorney earlier, and didn't want to talk without his attorney being present."
*Detective Rebecca K. Rishel*:
"Q. When Detective Rogers assigned you to interrogate Mr. Oldham, were you aware that Mr. Oldham had previously been interrogated some half an hour before by Detective Gibson, and had refused to make any statements?
"A. I was aware of that, yes."

*Attorney Robert J. Hiler*:
"Q. What advice did you give Mr. Oldham over the telephone?
"A. Since I represented Mr. Oldham back on the other molestation charge before Judge Meyers, I told Ray, and I said, 'Ray, they know your name. They know your address. They know everything about you. Remain silent, and don't sign anything. Tell them this is on advice of counsel, and that's all.' And so he said he would. And that was the end of our conversation with Mr. Oldham."

3. Representative cases are: *Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *State v. Flowers*, 592 S.W.2d 167 (Mo. banc 1979); *State v. Olds*, 569 S.W.2d 745 (Mo. banc 1978); *State v. Alewine*, 474 S.W.2d 848 (Mo.1971); and *State v. Blevins*, 581 S.W.2d 449 (Mo.App.1979).

S.Ct. 1880, 68 L.Ed.2d 378 (1981); which was not available to the trial judge, the parties at time of submission nor the Western District at time of transfer. We quote the following therefrom:

> It is reasonably clear under our cases that waivers of counsel must not only be voluntary, but constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case 'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.' *Johnson v. Zerbst,* 304 U.S. 458, 464 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461] (1938).

101 S.Ct. at 1884.

\*　\*　\*　\*　\*　\*

> ... although we have held that after initially being advised of his *Miranda* rights, the accused may himself validly waive his rights and respond to interrogation, see *North Carolina v. Butler, supra,* [441 U.S. 369] at 372–376 [99 S.Ct. at 1757–1759] the Court has strongly indicated that additional safeguards are necessary when the accused asks for counsel; and we now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police.

101 S.Ct. at 1884–1885.

Courtroom application of the guidance and dictates of the *Edwards* case necessitates a readiness to answer two questions, *i.*e., (1) Did the accused, after having expressed a desire for assistance of counsel, *initiate* further communication? (emphasis added) and (2) If the answer to question one is "yes" did the accused do so voluntarily, knowingly and intelligently?

Suffice it to say that in the instant case there is nothing in the record suggesting that appellant *initiated* those further communications from which the challenged statements were taken; but, to the contrary, the opposite is clearly evident. The answer to question number one being "no", no inquiry need be made reference question number two.

The trial court erred in overruling appellant's Motion to Suppress the challenged statements and for that reason the present conviction cannot stand. Other points submitted may or may not arise at a later trial and need not be considered at this time.

The judgment is reversed and the cause is remanded for such proceedings as may be proper.

All concur.