In separate complaints, Ronald Norman Smith and Richard Andrew Smith, Jr., were charged with the unlawful possession of marijuana for personal use, in violation of § 13A-12-214, Code of Alabama 1975. The trial court granted the State's motion to consolidate Ronald Smith's case with that of Richard Smith. The court subsequently denied, after a hearing, the appellants' motion to suppress evidence seized as a result of a search conducted of Richard Smith's car. *Page 176 
On November 15, 1991, the appellants stipulated that the State could prove a prima facie case of possession of marijuana in the second degree against each of them but reserved the right to appeal any and all issues concerning the alleged unlawful search and seizure. The trial court subsequently found that there was a sufficient factual basis to support both appellants' convictions of possession of marijuana in the second degree and adjudged appellants guilty of that offense. The trial court thereafter sentenced each appellant to serve one year in the Baldwin County jail. The court then suspended each one-year sentence, placed each appellant on two years' unsupervised probation, and fined each appellant $250 and assessed each appellant $25 for the Crime Victims' Compensation Fund.
The sole issue raised on appeal is whether the trial court erred in denying the appellants' motion to suppress marijuana that was found in a warrantless search of appellant Richard Smith's car.
At the suppression hearing, Gulf Shores Police Officer Steve Stewart, who had approximately four years' experience working drug cases, testified that around 3:00 a.m. on March 24, 1991, he was watching the parking lot of a lounge called Bayou Willie's. According to Stewart, he saw Richard and Ronald Smith get into a black Dodge automobile and they left the interior light on for a few minutes. Stewart testified that he then saw Richard and Ronald Smith smoking something inside the car at different times. Stewart relayed this information to Investigators Hill and Cook of the Baldwin County Sheriff's Department, who were also working in an undercover capacity that evening near the lounge.
Hill testified that after receiving Stewart's message, he and Cook watched Richard Smith drive away from the lounge, with Ronald Smith sitting in the front passenger seat. According to Hill, while he and Cook watched Richard Smith drive away from the lounge, they saw him pull up to a red light, activate his right-turn signal, and then make a left-hand turn. Once the traffic violation occurred, Cook and Hill followed Richard and Ronald Smith in an unmarked car. According to Hill, Cook attempted to locate a marked car to make the traffic stop but could not find a law enforcement vehicle in the area. Hill further testified that he and Cook then stopped the car that Richard Smith was driving. As Cook radioed their whereabouts to police headquarters, Hill approached the driver's side of the car to tell Richard Smith to turn the engine off until Cook could talk to him. According to Hill, Richard Smith was exiting the car as he approached, and Officer Stewart then arrived at the scene. Hill further testified that when Cook finished talking to headquarters, Cook proceeded to the stopped car and told Hill that he smelled burnt marijuana coming from the car. Hill testified that he then shined his flashlight on the driver's side and observed "quite a bit of green plant material in the seat on the driver's side of the vehicle." Hill further testified that based upon his observation of what appeared to be marijuana, he opened the console and saw a plastic bag containing green plant material and one-half of a hand-rolled cigarette. According to Hill, based upon his professional experience, he believed that the green plant material in the bag and the cigarette were marijuana.
On cross-examination, Hill testified that in addition to giving an improper turn signal, Richard Smith was stopped for "weaving." Hill testified, moreover, that a traffic citation was issued in the form of a warning ticket to Richard Smith.
Rule 20, A.R.Jud.A., defines giving an improper signal as a traffic offense and provides that a fine of $10 is to be assessed for said offense. Based upon the testimony of Deputy Hill, who observed Richard Smith give a right-turn signal and then make a left-hand turn, Cook and Hill clearly had probable cause to stop Richard Smith for the traffic offense of giving an improper turn signal.
Once a routine traffic stop is made, the officer may either keep the driver of the vehicle in the car or exercise his discretion to require the driver to exit the vehicle, even though the officer may lack a *Page 177 
particularized reason for believing that the driver possesses a weapon. New York v. Class, 475 U.S. 106, 106 S.Ct. 960,89 L.Ed.2d 81 (1986). Hence, Deputy Hill acted properly in approaching the driver's side of the car to instruct Richard Smith to turn off his engine until Cook finished radioing headquarters.
"The recognized exceptions to the search warrant requirement are plain view, consent, incident to a lawful arrest, hot pursuit or emergency situations, exigent circumstances coupled with probable cause, and stop and frisk situations." Dixon v.State, 476 So.2d 1236, 1238 (Ala.Cr.App. 1985).
The warrantless search of Richard Smith's automobile can be justified under both the "plain view" and "exigent circumstances coupled with probable cause" exceptions to the search warrant requirement.
The "plain view" exception to the warrant requirement of the Fourth Amendment permits the warrantless seizure of evidence if the seizing officer 1) has prior justification for the intrusion, 2) comes upon the evidence inadvertently, and 3) immediately recognizes the contraband discovered as evidence of wrongdoing. Smith v. State, 472 So.2d 677, 683
(Ala.Cr.App. 1984).
It is well settled that a warrantless search of an automobile may be conducted where probable cause and exigent circumstances co-exist. Minnifield v. State, 390 So.2d 1146, 1152-53
(Ala.Cr.App.), cert. denied, 390 So.2d 1154 (Ala. 1980). The existence of the odor of marijuana is enough to provide probable cause to search an automobile. Sterling v. State,421 So.2d 1375, 1381 (Ala.Cr.App. 1982). Exigent circumstances arise, moreover, whenever the object to be searched is mobile or moveable, as in the case of an automobile. State v. Hammac,546 So.2d 392, 396 (Ala.Cr.App. 1989).
A finding of probable cause to make a warrantless search of Richard Smith's automobile was justified when Cook detected the odor of burnt marijuana emanating from the interior of the car. After smelling the marijuana, Deputy Hill shined a light into Richard Smith's car and saw "in plain view" "quite a bit of green plant material in the seat on the driver's side of the vehicle." Exigent circumstances were obviously present justifying the search because an automobile is obviously mobile.
Likewise, under the "plain view" exception, Hill and Cook were justified in approaching Richard Smith's vehicle to issue a routine traffic citation, and Hill observed "in plain view" on the driver's seat of the car a green plant material, which Hill immediately identified as marijuana based upon his experience as a law enforcement officer assigned to a drug task force.
Hence, because the warrantless search of Richard Smith's automobile was justified under both the "plain view" and "exigent circumstances coupled with probable cause" exceptions to the warrant requirement, the trial court properly denied the appellant's motion to suppress the evidence seized pursuant to this search.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.