**STATE of Missouri, Respondent,**

v.

**Jerry MULLINS, Appellant.**

**No. ED 94809.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 2011.

Andrew E. Zleit, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Dora A. Fichter, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

### Background and Procedural History

This case is about witness identification in a criminal trial.

Viewed in the light most favorable to the verdict, the evidence established the following facts. On the afternoon of 27 November 2007, Alitta Barnes (Barnes) was dropping off two children from her aunt's daycare at their home on a dead-end street. After Barnes had turned onto the dead-end street, she noticed a silver car behind her. She attempted to wave the car past her in order to make a U-turn so the passenger side of the car, where the children would exit, would be closest to the sidewalk. The driver disregarded her signal and continued to follow behind her. Barnes completed the U-turn and let the children out. At that point, the silver car pulled up beside her with its front bumper even with her door. Jerry Mullins (Appellant) exited the silver car, approached Barnes, pointed a gun at her, and ordered her to get out of the car. Barnes obeyed. Appellant got into the driver's seat and another man got out of the silver car and into the passenger seat of Barnes' car and the two drove away. Barnes had a clear view of Appellant's face during the time it took him to exit the silver car, order her out of her car, and get into her car.

The mother of the children Barnes had been dropping off phoned the police.

Barnes provided a description of the man who robbed her to police detectives approximately twenty minutes after the incident. Barnes described the man as being black, 5'5" to 5'8" tall, thin, having a light brown complexion, wearing a black jacket, and with a low-cut afro type hairstyle.

Shortly before 8:00 p.m. that same day, a St. Louis County police officer observed Barnes' stolen car exiting an area fast food restaurant. The officer began to pursue the car, called for assistance and turned on his lights and sirens. Appellant refused to yield and led police on a high-speed chase in and out of different jurisdictions. Police were finally able to disable the vehicle by deploying a spike strip which deflated three of the car's tires. At that point, Appellant fled from the vehicle on foot but was apprehended by a police dog followed quickly by several police officers.

After Appellant was taken into custody, the police called Barnes to inform her that they had recovered her car and asked her to come to the police station to view a lineup. Barnes viewed a line-up consisting of Appellant and two other people. She picked out Appellant as the man who had stolen her car. Barnes also identified Appellant at trial.

Appellant was convicted by a jury of one count of first-degree felony robbery, Section 569.020; one count of unclassified felony armed criminal action, Section 571.015; one count of resisting arrest by fleeing, Section 575.150; and one count of misdemeanor driving with a revoked license, Section 302.321.[1] The court sentenced him to concurrent sentences of 15 years on the robbery and armed criminal action counts, a consecutive sentence of 4 years for the resisting count, and a 60–day sentence for the driving while revoked count.

### Standard of Review

The trial court has broad discretion in admitting or excluding evidence. *State v. McElvain*, 228 S.W.3d 592, 595 (Mo.App. W.D.2007). This Court will reverse a trial court's decision only if that court clearly abused its discretion. *Id.* at 595–96. "The trial court abuses its discretion when [its] ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *Id.* at 596. Additionally, to constitute reversible err, the trial court's decision must also have prejudiced the defendant. *Id.* The prejudice must have been so severe as to have deprived the defendant of his right to a fair trial. *Id.* An error only breaches such a threshold of prejudice if there is a reasonable probability that the trial court's decision affected the outcome of the trial. *McElvain*, 228 S.W.3d at 596.

### Discussion

In his only point on appeal, Appellant argues that the trial court erred in admitting Barnes' pre-trial and subsequent trial identification of him because the line-up was unduly suggestive. Specifically, Appellant argues the line-up was unduly suggestive because it included only three people and did not include one of the other men arrested with Appellant whom Appellant claims more closely matched the description of the robber given by Barnes to police just after the robbery.

"Determining the admissibility of identification testimony resulting from allegedly suggestive pretrial identification procedures requires a two-step analysis." *State v. Lanos*, 14 S.W.3d 90, 95 (Mo.App. E.D.1999). First, this Court determines whether the line-up was "unnecessarily suggestive and conducive to irreparable

---

1.  All statutory references are to RSMo (2006) unless otherwise indicated.

mistaken identification ..." *McElvain*, 228 S.W.3d at 601. "A pretrial identification procedure is unduly suggestive if the identification results not from the witness's recall of first-hand observations, but rather from the *procedures or actions employed by the police*." *Id.* (internal citations omitted) (emphasis added). Only if the Court finds that the line-up was unduly suggestive does it proceed to the second step. *Id.* In the second step, this Court considers "whether the suggestive procedures have so tainted the identification as to lead to a substantial likelihood that the pretrial identification was not reliable." *Id.* "If [the Appellant] fails to establish that police procedures were unduly suggestive, the factors considered in the reliability prong of the test go to the weight of the identifications and not to their admissibility." *Id.*

The first step of this analysis focuses solely on the actions of the police. The only police actions challenged by Appellant is that police only included three people in the line-up and that they did not include one of the men apprehended with Appellant in the line-up. As to the latter claim, Appellant failed to cite to any legal authority, nor did we discover any in our independent research, holding that police must include all individuals apprehended at the same time and in connection with the same incident in any subsequent line-up. This is just not a requirement under our law. Appellant was given the opportunity at trial to argue that another man arrested with him was actually the one who robbed Ms. Barnes. That was a question of fact which the jury rejected. Appellant does not get another bite at that apple on appeal.

As to the former claim, contrary to Appellant's position that police must include some minimum number of individuals in a line-up to avoid suggestiveness, "Missouri cases have recognized that the showing of a *single* photograph of a defendant to a witness where there is no improper comment or activity on the part of the officer showing the photograph does not result in impermissible suggestiveness." *McElvain*, 228 S.W.3d at 601 (internal citations omitted) (emphasis added). In this case, there was no improper comment or activity by the police before, during, or after the line-up. Barnes testified that police did not tell her anything before the line-up. The police officer who conducted the line-up testified that before he took Barnes in for the line-up he told her the same thing he always does, that "the person may or may not be in the line-up." He further testified that he did not say anything to Barnes after she picked out Appellant from the line-up. Additionally, as to the fairness of the line-up, the officer stated that he chose the two other people to be in the line-up because they had a similar appearance to Appellant. He said that he "attempted to make the line-up as fair and impartial as possible." If a line-up of one passes muster, then a line-up of three does also.

As Appellant failed to demonstrate that Barnes' pre-trial identification was based on improper police activity, the analysis ends. The identification was properly admitted and it was for the jury to determine the reliability of that identification. *Id.* at 602.

The judgment is AFFIRMED.

ROY L. RICHTER, C.J. and KELLY BRONIEC, Sp.J., concur.