**STATE of Missouri, Respondent,**

v.

**Timothy E. LOVELL, Appellant.**

**No. SD 32176.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 2013.

Application for Transfer Denied Dec. 24, 2013.

Amy M. Bartholow, Columbia, for Appellant.

Chris Koster, Atty. Gen., Robert J. (Jeff) Bartholomew, Asst. Atty. Gen., Jefferson City, for Respondent.

**DANIEL E. SCOTT, J.**

Timothy Lovell received probation after jurors found him guilty of interfering with arrest.[1] His preserved claim on appeal challenges the sufficiency of the evidence, on which our review

> is limited to whether the State has introduced sufficient evidence for any reasonable juror to have been convinced of the defendant's guilt beyond a reasonable doubt. When judging the sufficiency of the evidence to support a conviction, appellate courts do not weigh the evidence but accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict and ignore all contrary evidence and inferences. This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. This Court will not weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances, and other testimony in the case.

*State v. Jeffrey*, 400 S.W.3d 303, 313 (Mo. banc 2013) (citations and quotation marks omitted). We affirm.

## Background[2]

A lone police officer dealing with a nighttime disturbance sought to interview Lovell's sister, a burglary suspect, "away from the other men who were with her." She stepped away with the officer but did not cooperate and was placed under arrest.

---

1. *See* § 575.150.1, which also forbids resisting arrest. Statutory provisions relevant to this case have been unchanged since 1977.

2. We summarize relevant facts in accordance with our standard of review.

Becoming "very agitated," the suspect yelled and wrestled with the officer as he struggled to handcuff her.

Lovell and the suspect's husband aggressively rushed the officer, who later admitted being "extremely scared" because

> I was by myself, and I was dealing with three people that were actively being aggressive towards me. Also, people at the hotel, some of them had came [*sic*] out. Some of them were yelling and screaming. And I really didn't know who all was pretty much was out and going to get me.

Refusing orders to halt, the onrushing men forced the officer to draw his taser and "fire at the closest subject," putting him down.

A few steps behind, Lovell stopped, asked the officer not to tase him too, grabbed a makeshift shield, verbally harassed the officer from a safe distance until more police arrived, then fled.

### Point I—Sufficiency of Evidence

Lovell was guilty under the statute and jury instructions if he purposefully interfered with his sister's arrest by "threatening ... physical interference."[3] We reject his claim of inadequate proof as to the quoted element. It was enough if such interference was *threatened*, which for § 575.150 purposes meant " 'to give signs of the approach of (something evil or unpleasant): indicate as impending.' "

3.  § 575.150.1(2); *see also* MAI–CR3d 329.60.

4.  Appellate courts are especially wary of claims, as here, "that a trial court has failed to *sua sponte* declare a mistrial." *State v. White*, 291 S.W.3d 354, 359 (Mo.App.2009).

> This follows because generally the double jeopardy clause of the Fifth Amendment to the United States Constitution bars retrial if a judge grants a mistrial in a criminal case without the defendant's request or consent.

*State v. Tibbs*, 772 S.W.2d 834, 843 (Mo. App.1989) (quoting Webster's Third New International Dictionary, G. & C. Merriam Company (1976)).

Such definitions and our standard of review doom this point. Having heard of this aggressive rush to aid a struggling arrestee, forcing a lawman ("never so scared" in his career) to defend himself with a taser, reasonable jurors could infer a threat to physically interfere with the arrest. Point I fails.

### Point II—Plain Error

Lovell claims plain error in the trial court's failure to declare a mistrial, *sua sponte*, when the state allegedly cited a fact not in evidence during closing argument. The defense did not object or raise this in its motion for new trial.

"Plain error relief as to closing argument should rarely be granted and is generally denied without explanation." *State v. Garner*, 14 S.W.3d 67, 76 (Mo.App. 1999). Cursory research yields dozens of cases to similar effect.[4] We see no reason to deviate from this practice. Point denied. Judgment affirmed.

NANCY STEFFEN RAHMEYER, P.J., WILLIAM W. FRANCIS, JR., C.J., concur.

> To convict a trial court of an error, not put forth by the defendant (e.g., failure to declare a mistrial *sua sponte* ), allows an accused to stand mute when incidents unfavorable to him or her occur during trial, gamble on the verdict, and then seek favorable results on appeal. This puts courts in an untenable position, and it is contrary to the principle of law that an appellate court will not convict a trial court of an error not put before it to decide.
> *Id.* (citations omitted).