

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32549 |
| | ) | |
| CHERYL ANNA PATRICK, | ) | FILED: January 5, 2015 |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Stanley Moore, Judge

**AFFIRMED**

Convicted of abusing and murdering a two-year-old, Cheryl Patrick appeals, raising two preserved evidentiary challenges and a plain error claim. None have merit. We affirm the convictions.

**Background**

The victim (A.W.), her father, and Patrick lived together. The father went to work, leaving A.W. in Patrick's care, and returned to find his daughter stiff and unresponsive in her playpen. She died in the hospital two days later from head

injuries due to non-accidental, abusive trauma. A subdural hematoma, retinal hemorrhaging, and other injuries were consistent with A.W. having been severely shaken, thrown, or pushed into something while she was with Patrick, who does not challenge the sufficiency of proof supporting her convictions.

### Point I – Admission of Patrick's Statement

After Patrick was arrested and booked into jail, she was taken to an interview room. She signed a waiver of *Miranda*[1] rights and gave a statement which the trial court refused to suppress and admitted at trial over Patrick's objection.

Patrick claims error, alleging that she unequivocally invoked her right to counsel prior to the statement and did not reinitiate discussions thereafter.

Under the Fifth Amendment, Patrick had a right to have counsel present during custodial interrogation. **State v. Lanos**, 14 S.W.3d 90, 94 (Mo.App. 1999). To invoke this right, she had to make an unambiguous, specific, and unequivocal request for counsel. **State v. Norman**, 431 S.W.3d 563, 569 (Mo.App. 2014). If Patrick made such a request, questioning had to stop until counsel was made available or Patrick herself reinitiated discussions with the officers. **Id**.

Thus, Patrick's Point I requires her to show that she (1) unambiguously, unequivocally, and specifically requested counsel; *and* (2) did not knowingly, voluntarily, and intelligently waive her previously invoked right by initiating further communication. **Id**.

Patrick argues step two, but treats step one as a given. For example, her brief asserts that she "clearly made an unambiguous, unequivocal and specific request for

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

counsel," repeatedly refers to "her previously invoked right" to counsel, and even states that "the trial court below accepted that Ms. Patrick's initial request was unequivocal ...."

These ignore the trial court's express step-one finding *against* Patrick – that her "assertion that she wanted an attorney was equivocal." This effectively unchallenged finding ends our inquiry. If Patrick "did not make an unambiguous and specific request for counsel in dealing with a custodial interrogation, [s]he did not invoke [her] right to counsel, and no further analysis is required." *Lanos*, 14 S.W.3d at 94. Point denied.

## Point II – Admission of Blood and DNA Evidence

Patrick charges that blood and DNA evidence recovered from the playpen was neither logically nor legally relevant.

### *Logical Relevance*

"The greatest failing of the evidence in this regard," Patrick argues, "is that no one could testify as to when A.W.'s blood was left on the play pen pad." This assertion confuses logical relevance with evidentiary weight.[2] It would be a rare murder trial where the victim's DNA-matched blood, found near where she lay dying, bore no logical connection to the case. The evidence was logically relevant.

---

[2] "Logical relevance refers to the tendency to make the existence of a material fact more or less probable." *Johnson v. State*, 406 S.W.3d 892, 902 (Mo. banc 2013) (internal quotation marks omitted). Weight of the evidence refers to the probative and persuasive values of evidence. *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014).

*Legal Relevance*

Patrick next claims this evidence was unduly prejudicial and thus legally irrelevant. *See **Johnson***, 406 S.W.3d at 902.

Specifically, her point charges that this evidence was "extremely prejudicial" in that it was used "to corroborate that Ms. Patrick physically abused A.W. causing her death." Her supporting argument is similar: that the blood and DNA evidence "permitted the jurors to find evidence of Ms. Patrick's guilt of the offenses for which she was on trial."

These sound more like reasons to admit evidence than to exclude it. Evidence is not "prejudicial" merely because it hurts one's case. Point II fails.

## Point III – No Plain Error Review

Finally, Patrick takes issue with the state's closing argument that she "beat [A.W.] to death," noting that she was charged with shaking and pushing A.W., not beating her. She admits this claim was not preserved and can be reviewed only for plain error.

Plain error relief as to closing argument is rare and, for good reason, usually denied without explanation. ***State v. Lovell***, 414 S.W.3d 577, 579 & n.4 (Mo.App. 2013). We do not see, nor does Patrick offer, any good reason to depart from this practice. We deny Point III and affirm the convictions.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., P.J./C.J. – CONCURS

4