PD-0330-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/10/2015 10:09:54 PM
Accepted 8/11/2015 4:43:45 PM
ABEL ACOSTA
CLERK

**PD-0330-15**

**COURT OF CRIMINAL APPEALS OF TEXAS**

**JAY SANDON COOPER**

**V.**

**STATE OF TEXAS**

**MOTION FOR REHEARING**

**FILED BY JAY SANDON COOPER**

**ON APPEAL FROM**
**THE COUNTY COURT AT LAW NO.2, GRAYSON COUNTY, TEXAS**
**CASE NO. 2011-2-1391.**

**THE FIFTH COURT OF APPEALS AT DALLAS, TEXAS**
**CASE NO. 05-14-00089-CR**.

FILED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

ABEL ACOSTA, CLERK

**JAY SANDON COOPER, PRO SE**
**1520 JANWOOD DRIVE**
**PLANO, TEXAS 75075**
**(972) 358-8999**
**NO FAX**
jaysandoncooper@gmail.com
**APPELLANT**

**ORAL ARGUMENT**
**REQUESTED**

1

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

TRIAL COURT JUDGE:      The Honorable Carol M. Siebman
County Court at Law No.2, Grayson County, Texas


PARTIES and COUNSEL:

Appellant:                Jay Sandon Cooper

        Counsel:       Jay Sandon Cooper, Pro Se
1520 Janwood Dr.
Plano, Texas 75075
(972) 358-8999
No Fax

        Trial:          J. Richard Dunn
Texas Bar Card No. 00783995
108 S. Crockett
Sherman, Texas 75090
(903)893-5535

        Appeal:      Pro Se

Appellee:               State of Texas

                      Joe Brown
Criminal District Attorney
Grayson County, Texas

      Counsel:
        Trial:          Michael S. Kelly
Texas Bar Card No. 24055767
200 S. Crockett, Ste. 116A
Sherman, Texas 75090

        Appeal:      Karla R. Hackett
Texas Bar Card No. 01923400
200 S. Crockett, Ste. 116A
Sherman, Texas 75090
Phone: (903) 813-4361
Fax: (903) 892-9933

## TABLE OF CONTENTS

Identity of Judges, Parties, and Counsel…………………………………… 2

Table of Contents……………………………………………………… 3

Index of Authorities…………………………………………………… 4

Statement Regarding Oral Argument……………………………………. 5

Statement of the Case……………………………………………………. 6

Statement of Procedural History…………………………………………. 6

Grounds for Review……………………………………………………… 6

**ISSUE 1.    Roadside field sobriety tests are an unreasonable intrusion on privacy, such that either a warrant supported by probable cause is required, or an articulable exigency to establish an exception to the warrant requirement, or consent.  When there is no warrant, and no exigency supported by probable cause, is refusing to give consent to participate in roadside field sobriety tests probable cause to be arrested for DWI?**

**ISSUE 2:    Is refusing to give consent to participate in roadside field sobriety tests an offense for which one can be arrested?**

Argument…………………………………………………………… 6

Prayer……………………………………………………………. 15

# INDEX OF AUTHORITIES

**Cases**                                                                                          **Page**

Berkemer v. McCarty, 468 U.S. 420, 421, 104 S. Ct. 3138, 3140,
    82 L. Ed. 2d 317 (1984)……………………………………………………… 10

Blasi v. State, 167 Md. App. 483, 505, 893 A.2d 1152, 1164 (2006)…………. 11

City of Houston v. Hill, 482 U.S. 451, 461, 107 S.Ct. 2502,
    96 L.Ed.2d 398 (1987)……………………………………………………….. 10

Commonwealth v. Blais, 428 Mass. 294, 302, 701 N.E.2d 314, 319 (1998)…. 11

Davis v. State, 61 S.W.3d 94, 99 (Tex.App.-Amarillo, 2001)……………….. 14-15

Dixon v. State, 476 So.2d 1236, 1238 (Ala.Cr.App.1985)……………………. 12

Mahaffey v. State, 316 S.W.3d 633 (Tex.Crim.App.2010)……………………. 6

Minnesota v. Dickerson, 508 U.S. 366, 372, 113 S. Ct. 2130, 2135,
    124 L. Ed. 2d 334 (1993)………………………………………………11- 12

People v. Carlson, 677 P.2d 310, 317-18 (Colo. 1984)……………………….. 11

Smith v. State, 606 So. 2d 174, 177 (Ala. Crim. App. 1992)…………………. 12

State v. Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999)………………. 13

State v. Blouin, 168 Vt. 119, 122, 716 A.2d 826, 828 (1998)…………………. 10

State v. Hogan, 2015 WI 76, ¶ 53 (July 10, 2015)…………………………….. 13

State v. McGuigan, 2008 VT 111, ¶ 17, 184 Vt. 441, 450,
    965 A.2d 511, 517 (2008)…………………………………………….. 11

State v. Nagel, 320 Or. 24, 34-36, 880 P.2d 451, 457-58 (1994)…………… 11, 12

United States v. Miller, 146 F.3d 274, 277-279 (5th Cir. 1998)………………. 13

<u>Vicknair v. State</u>, 751 S.W.2d 180, 190 (Tex.Crim.App.1988)
(opinion on reh'g)…………………………………………………… 13

**STATUTES AND RULES**

U.S. Const. amend. I……………………………………………………. 10

U.S. Const. amend. IV……………………………………………….. 11

Tex. Const. art. I, § 9…………………………………………………… 11

§§543.001 and 543.004(a)(1), Tex. Transp. Code……………………… 15

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument.

## STATEMENT OF THE CASE

This is an appeal from a conviction for Driving While Intoxicated (First), on January 23, 2014. After a review for fundamental error, the judgment was affirmed by the Fifth Court of Appeals at Dallas.

## STATEMENT OF PROCEDURAL HISTORY

The Fifth Court of Appeals opinion was issued on January 8, 2015. Appellant filed a Motion for Rehearing on January 23, 2015. The Motion for Rehearing was overruled on February 9, 2015. A Motion to Extend Time to file this Petition was granted on March 27, 2015. After Appellant's Petition for Review was refused, an extension of time to file this Motion for Rehearing was granted on July 14, 2015, to and including August 10, 2015.

## GROUNDS FOR REVIEW / STATEMENT OF QUESTIONS

(Petitioner did not have access to the record at the time the Petition was prepared)

**ISSUE 1.    Roadside field sobriety tests are an unreasonable intrusion on privacy, such that either a warrant supported by probable cause is required, or an articulable exigency to establish an exception to the warrant requirement, or consent. When there is no warrant, and no exigency supported by probable cause, is refusing to give consent to participate in roadside field sobriety tests probable cause to be arrested for DWI?**

**ISSUE 2:    Is refusing to give consent to participate in roadside field sobriety tests an offense for which one can be arrested?**

## ARGUMENT

### STANDARD

Questions of law are reviewed by this Court *de novo*. Mahaffey v. State, 316 S.W.3d 633 (Tex.Crim.App.2010).

**RECORD REFERENCES**

All references to the Reporter's Record (RR) are to Volume (Vol.) 7, unless otherwise stated. References to the RR follow this format: page number ":" lines. Eg. 38:5-12 is RR Vol.7, page 38 at lines 5-12.

Citations to the Clerk's Record are to the page number identified in the Index to Vol.1: CR1:(page numbers). Supplements will be identified by original documents.

CR1:22-105 is the ALR (Administrative License Revocation) hearing. It was placed in the record along with the Motion to Suppress. The transcript from the ALR hearing will be referred to by the page number of the transcript of the Administrative License Revocation Hearing ("ALR" page number ":" line number) at which the Arresting Officer testified.

**ISSUE 1.    Roadside field sobriety tests are an unreasonable intrusion on privacy, such that either a warrant supported by probable cause is required, or an articulable exigency to establish an exception to the warrant requirement, or consent. When there is no warrant, and no exigency supported by probable cause, is refusing to give consent to participate in roadside field sobriety tests probable cause to be arrested for DWI?**
**ISSUE 2:    Is refusing to give consent to participate in roadside field sobriety tests an offense for which one can be arrested?**

**SUMMARY OF THE ARGUMENT**

Without first developing probable cause to arrest Appellant for DWI, the Arresting Officer sought to invade Appellant's privacy to obtain what was not in the officer's plain sight by subjecting Appellant to roadside field sobriety tests, to

7

which Appellant verbally refused to consent. Appellant was arrested for not performing roadside field sobriety tests, which is not an offense in Texas. Essentially, Appellant was arrested for refusing to give his consent to a warrantless search. There was no probable cause for Appellant to be arrested and charged with DWI.

**STATEMENT OF FACTS**

CR1:22-105 will be referred to by the page number of the transcript of the Administrative License Revocation Hearing ("ALR" page number ":" line number) at which the Arresting Officer testified. The record shows that there are no facts in dispute regarding the reason for this Motion for Rehearing. See State's Exhibit 6 (RR Vol.9) (Officer's Arrest Report). The third page of that report (identified as "Narrative Report" at the top of the page) begins to describe the issue expressed herein. Specifically, the last three (3) paragraphs on that page describe Appellant's verbal refusal to participate in roadside field sobriety testing. Appellant declined to participate in Standard Field Sobriety Tests (SFST's) (RR 37:17-19) and blow in a Portable Breath Test (PBT) device. RR 37:20-25, after which Appellant was handcuffed and seatbelted inside the locked police car. RR 38:5-12. The Arresting Officer called his supervisor at home. ALR 28:1-2. The Arresting Officer documented in his arrest report narrative that he was instructed that if Appellant refused to perform field sobriety tests that he should be arrested for DWI "since [Appellant] was not giving [the Arresting Officer] a chance to determine if he was

8

able to operate a motor vehicle safely." See first page of the arrest report labeled "Narrative Report" at the last paragraph. It is worthy of notation that at that point, the Arresting Officer had not determined that Appellant was not able to operate a motor vehicle safely. It is at least as worthy to note that Appellant had already provided his Texas Driving License that established that he was able to operate a motor vehicle safely. RR Vol.9, State's Exhibit 6 (Arrest Report page 3 – first page labeled "Narrative Report" at ¶5). The supervisor confirmed the practice of arresting persons for not performing Field Sobriety Tests. ALR 28:7-10. Then, Appellant was removed from the officer's vehicle and the officer took the handcuffs off of Appellant. See second page labeled "Narrative Report" at ¶2. In the last paragraph of the second page labeled "Narrative Report", the officer stated that, after he terminated the HGN, Appellant was arrested for Driving While Intoxicated. There was nothing else previous to the final arrest to cause the Arresting Officer to believe that Appellant was intoxicated. ALR 32:21-24. It was Van Alstyne Police Department's Standard Operating Procedure to arrest persons who refuse to participate in Field Sobriety Tests. ALR 27:24 to 28:1. The State argued that Mr. Cooper was arrested "because [the Arresting Officer] can't get [Appellant] to comply with that horizontal gaze nystagmus…" RR Vol.8, 54:14-16.

**ARGUMENT AND AUTHORITIES**

"A traffic stop is usually brief, and the motorist expects that, while he may be given a citation, in the end he most likely will be allowed to continue on his way." Berkemer v. McCarty, 468 U.S. 420, 421, 104 S. Ct. 3138, 3140, 82 L. Ed. 2d 317 (1984). When the Arresting Officer wanted to further intrude on Appellant's privacy by conducting roadside field sobriety tests, Appellant exercised his right to not give his consent. Appellant was ready to continue on his way. A "defendant has a right to refuse performance of [field-sobriety exercises]." State v. Blouin, 168 Vt. 119, 122, 716 A.2d 826, 828 (1998). Appellant's refusal was verbal, as was documented in the arrest report.

The content of Mr. Cooper's speech is protected by the First Amendment, including his statement that he did not think that SFST's and PBT were necessary. RR 37:17-25; RR Vol.9, State's Exhibit 6 (Arrest Report p.3); RR 45:7-9, 46:15-17, 48:6-12 (critical of officer conducting HGN); City of Houston v. Hill, 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) ("the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."); U.S. Const. amend. I.

Field sobriety tests are "a search or a seizure…" Com. v. Blais, 428 Mass. 294, 302, 701 N.E.2d 314, 319 (1998). "[W]e hold that the administration of field sobriety tests by a police officer during a valid traffic stop constitutes a search

10

within the meaning of the Fourth Amendment to the U.S. Constitution." <u>Blasi v. State</u>, 167 Md. App. 483, 505, 893 A.2d 1152, 1164 (2006); *cf.* Tex. Const. art. I, § 9. "To satisfy constitutional guarantees against unlawful searches and seizures, therefore, a roadside sobriety test can be administered only when there is probable cause to arrest the driver for driving under the influence of, or while his ability is impaired by, intoxicating liquor or other chemical substance, or when the driver voluntarily consents to perform the test." <u>People v. Carlson</u>, 677 P.2d 310, 317-18 (Colo. 1984). There was nothing else previous to the final arrest to cause the Arresting Officer to believe Appellant was intoxicated. ALR 32:21-24. Appellant declined to participate in Standard Field Sobriety Tests (SFST's) (RR 37:17-19) and blow in a Portable Breath Test (PBT) device. RR 37:20-25.

"The very nature of [field-sobriety tests] makes the use of force to compel their performance obviously inappropriate." <u>State v. McGuigan</u>, 2008 VT 111, ¶ 17, 184 Vt. 441, 450, 965 A.2d 511, 517 (2008); citing <u>Commonwealth v. Blais</u>, 428 Mass. 294, 701 N.E.2d 314, 319 (1998).

"[S]earches and seizures ' "conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." ' " <u>State v. Nagel</u>, 320 Or. 24, 36, 880 P.2d 451, 458 (1994); citing <u>Minnesota v. Dickerson</u>, 508 U.S. 366, 372, 113 S. Ct. 2130, 2135, 124 L. Ed. 2d

11

334 (1993) (Citations omitted). "The recognized exceptions to the search warrant requirement are plain view, consent, incident to a lawful arrest, hot pursuit or emergency situations, exigent circumstances coupled with probable cause, and stop and frisk situations." Smith v. State, 606 So. 2d 174, 177 (Ala. Crim. App. 1992); citing Dixon v. State, 476 So.2d 1236, 1238 (Ala.Cr.App.1985).

Field sobriety tests unreasonably intrude on a reasonable expectation of privacy.

> First, the tests require defendant to perform certain maneuvers that are not regularly performed in public. Unlike the quality of one's voice or one's handwriting, people do not regularly display that type of behavior to the public—there is no reason to believe that motorists regularly stand alongside a public road reciting the alphabet, count backward from 107, stand upon one leg while counting from 1001 to 1030, or walk a line, forward and back, counting steps and touching heel to toe. *Compare* 458 *United States v. Dionisio,* 410 U.S. 1, 14, 93 S.Ct. 764, 771, 35 L.Ed.2d 67 (1973) (no expectation of privacy in a voice exemplar because a person's "voice is repeatedly produced for others to hear") *with Skinner v. Railway Labor Executives' Assn.,* 489 U.S. 602, 617, 109 S.Ct. 1402, 1413, 103 L.Ed.2d 639 (1989) (person has expectation of privacy in urine testing because urinating ordinarily is not done in public).

State v. Nagel, 320 Or. 24, 34-35, 880 P.2d 451, 457-58 (1994).

In the last paragraph of the second page of the arrest report labeled "Narrative Report", the officer stated that, after he terminated the HGN (a roadside field sobriety test), Appellant was arrested for Driving While Intoxicated. There was nothing else previous to the final arrest to cause the Arresting Officer to

believe Appellant was intoxicated. ALR 32:21-24. "[T]he extension of the stop for field sobriety tests was not lawful." State v. Hogan, 2015 WI 76, ¶ 53 (July 10, 2015).

> It is established in the case law that an officer must have probable cause to arrest a defendant without a warrant. *See Anderson v. State,* 932 S.W.2d 502, 506 (Tex.Crim.App.1996)(citing*New York v. Harris,* 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990)). Probable cause for an arrest exists where, at that moment, facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing that a particular person has committed or is committing a crime. *See Smith v. State,* 739 S.W.2d 848, 851 (Tex.Crim.App.1987). Once an officer has probable cause to arrest, he may search the passenger compartment of a vehicle as a search incident to that arrest. *See Williams v. State* 726 S.W.2d 99 (Tex.Crim.App.1986)(citing *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)). It is irrelevant that the arrest occurs immediately before or after the search, as long as sufficient probable cause exists for the officer to arrest before the search. *Williams,* 726 S.W.2d at 101 (citing *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980)).

State v. Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). Where there was no probable cause, courts have reversed the conviction. United States v. Miller, 146 F.3d 274, 277-279 (5th Cir. 1998) (holding that when the "sole theory of probable cause" was based on an act that the court found was "not a violation of Texas law, no objective basis for probable cause justified the stop of" the Appellant); *See also* Vicknair v. State, 751 S.W.2d 180, 190 (Tex.Crim.App.1988) (opinion on reh'g) ("the sole reason" the officer gave for stopping Appellant's

vehicle was that he "believed" the Appellant had committed a traffic "infraction" that the court ultimately determined was not a violation).

**CONCLUSION**

The State argued that Mr. Cooper was arrested "because [the Arresting Officer] can't get [Appellant] to comply with that horizontal gaze nystagmus…" RR Vol.8, 54:14-16. So, the law on the subject shows that, until now, a person could refuse to give consent to being searched without a warrant or exigent circumstances. Applying this situation to another level, if a homeowner refuses to give consent to a warrantless search of their residence, can they be arrested? Where does it end? In this case, the Arresting Officer wrote that his supervisor – who was not at the scene of the traffic stop - told him that if Appellant refused to participate in roadside field sobriety tests, charge him with DWI. Exercising one's right to refuse consent is never probable cause. The police cannot just charge somebody with a crime because they refuse to give consent to be searched unreasonably and unconstitutionally.

**HARM**

Appellant contends that this situation is not subject to harmless error review. But, in an abundance of caution, Appellant has shown harm by the errors complained of. Consequently, this Court cannot but hold that the trial court's error was harmful under Texas Rule of Appellate Procedure 44.2(a)." Davis v. State, 61

S.W.3d 94, 99 (Tex.App.-Amarillo, 2001). Cooper was stopped and arrested having committed no crimes. The allegation that Appellant was speeding was subject only to a citation and to release on a promise to appear. §§543.001 and 543.004(a)(1), Tex. Transp. Code, for which no citation was issued. Then, he was convicted having not committed the crime for which he was arrested. The State's own evidence proves Appellant's innocence.

### PRAYER

**WHEREFORE**, Appellant requests that this Court of Criminal Appeals grant his Petition and afterwards reverse and render judgment or remand to the trial court for further proceedings consistent with this Court's opinion.

Respectfully submitted,

/s/ Jay Sandon Cooper
Jay Sandon Cooper
1520 Janwood Dr.
Plano, Texas 75075
(972)358-8999
NO FAX
JaySandonCooper@gmail.com
APPELLANT

### CERTIFICATE OF COMPLIANCE

This Brief complies with the requirements of Rule 9.4(i)(2)(D) because it is produced on a computer in a conventional typeface no smaller than 14-point except for footnotes, which are no smaller than 12-point; and contains 2,160 words.

/s/ Jay Sandon Cooper

15

**CERTIFICATE OF COMPLIANCE WITH RULE 79.2(c)**

This motion for rehearing is grounded only on substantial intervening circumstances or on other significant circumstances which are specified in the motion. This motion is made in good faith and not for delay.

/s/ Jay Sandon Cooper

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing and attached documents were electronically served to the following recipients, if that option was available through the electronic filing manager, and if not, it was mailed to Appellee's counsel on August 10, 2015:

Joe Brown,
Criminal District Attorney
Grayson County, Texas
Karla R. Hackett
Texas Bar Card No. 01923400
200 S. Crockett, Ste. 116A
Sherman, Texas 75090
Phone: (903) 813-4361
Fax: (903) 892-9933

and in accordance with Rules 68.11 and 79.7, Tex.R.App.P., in the same manner it was provided to:

Lisa C. McMinn
State Prosecuting Attorney
P. O. Box 13046
Austin, Texas 78711-3046
Telephone: (512) 463-1660
Fax: (512) 463-5724
information@spa.texas.gov

and 10 paper copies will be delivered to the Clerk of this Court of Criminal Appeals within three (3) business days as required by the Rules.

/s/ Jay Sandon Cooper
Jay Sandon Cooper